INGERSOLL *et al. v.* MAGONE, Collector.

(*Circuit Court, S. D. New York.* February 18, 1891.)

CUSTOMS LAWS—TRAVELING RUGS.

Traveling rugs which were imported during the year 1888, and which are articles generally used for wrapping about the legs or the body of a person when traveling, and as coverings for lounges and beds, or for throwing over the body of a person when lying on a lounge or a bed, are not duitable under the provisions for rugs contained in paragraph 378 of the act of March 3, 1883, (22 U. S. St. 488.)

At Law.

During the year 1888 the plaintiffs made an importation from England into the port of New York of certain articles invoiced as "woolen rugs."

These articles were classified for duty as "woolen shawls," under the provision for "woolen shawls" contained in Schedule K of the tariff act of March 3, 1883, (22 U. S. St. 488, Tariff Ind., New, par. 362,) and duty, accordingly as their value exceeded or did not exceed 80 cents per pound, was exacted thereon at the rate of 35 cents per pound and 40 per centum *ad valorem*, or 35 cents per pound and 35 per centum *ad valorem*, by the defendant, as collector of that port.    Against this classification and this exaction the plaintiffs duly protested, claiming that these articles were "traveling or carriage rugs," and, as such, were dutiable at the rate of 40 per centum *ad valorem*, under the provisions for "all    *    *    *    other rugs," found in Schedule K of the aforesaid tariff act, (Tariff Ind., New, par. 378,) and in accordance with the decision of the department promulgated March 2, 1888.    The plaintiffs at the same time made due appeals, which were decided adversely to them, in accordance with the decision of the department promulgated December 11, 1888, and, after such adverse decision, duly brought this suit to recover all duties exacted on these articles in excess of 40 per centum *ad valorem*.    On the trial it appeared that the articles in suit were made of wool, and were of two kinds,—one, 5 feet long by 5 feet and 2 inches wide, weighing 4 pounds and 12 ounces, with a fringe at each of its two ends, and presenting on one side a bright colored striped appearance, and on the reverse side a twilled appearance in two colors; the other, 6 feet and 2 inches long by 5 feet and 2 inches wide, weighing 3 pounds and 6 ounces, without fringe, bound on all its edges with a binding, and presenting a dull striped appearance, alike, or nearly alike, on both sides; that the weight of each was much greater than that of a "shawl;" that articles like those in suit had been known to trade and commerce in this country only for the past 15 years; that during that period such articles were never known in trade and commerce in this country as "shawls," but always as "traveling rugs," and by no other name; that such articles were generally used for wrapping about the legs or the body of a person when traveling, and as coverings for lounges and beds, or for throwing over the body of a person when lying on a lounge or a bed; that a "shawl," as defined by Webster, is "a cloth of wool, cotton, silk, or hair, used especially by women as a loose covering for the neck and shoulders;" that a "rug," as defined by Webster, is "a coarse, nappy, woolen fabric, used for various purposes,—as (*a*) for the cover of a bed; (*b*) for protecting the carpet before a fire-place; (*c*) for protecting the legs against the cold in riding, as a railway rug."

*W. Wickham Smith* and *D. Ives Mackie*, for plaintiffs.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (*orally*.)    The articles in suit were known in trade and commerce of the country at and prior to the passage of the tariff act of 1883 as "traveling rugs," and by no other name.    This act provides for "rugs" simply, and not for "traveling rugs."    "Rugs" have been provided for *eo nomine* in the different tariff acts for nearly 30

years past,—Act March 2, 1861, c. 68, § 13, (12 U. S. St. 178;) Act July 14, 1862, c. 163, § 9, (Id. 543;) Act June 30, 1864, c. 171, § 5, (13 U. S. St. 202;) Act March 2, 1867, c. 197, § 1, (14 U. S. 559;) Schedule L of section 2504, Rev. St.; Act March 3, 1883, Schedule K, (22 U. S. St. 488,)—and always in connection with provisions for carpets or carpetings, and for articles of a similar nature, and, like them, used on floors. "Traveling rugs" are generally used for wrapping about the legs or the body of a person when traveling, and as coverings for lounges or beds, and for throwing over the body of a person when lying on a lounge or bed. "Traveling rugs" have never been provided for *eo nomine* in any tariff act, and, according to the evidence in this case, have been known to trade and commerce of this country only for the past 15 years. In view of the history of the legislation of congress concerning "rugs," as evidenced by the different tariff acts from 1861 to 1883, both inclusive, and of the evident intention with which it has used the word "rugs" in paragraph 378, in Schedule K of the tariff act of 1883, I am constrained to direct a verdict for the defendant.